MARC E. JOHNSON, Judge.
 

 |2PIaintiffs, Asset Enterprises, L.L.C. and Thomas Carrere, appeal the trial court’s granting of defendant, River Realty, L.L.C.’s, exception of no cause of action. For the following reasons, we reverse the trial court’s ruling.
 

 Plaintiffs filed a petition for damages against River Realty, L.L.C., Richard Car-rere and James Carrere, on June 3, 2009, alleging breach of contract, breach of fiduciary duty, and tortious interference of contract. The petition alleged River Realty, L.L.C. was created in December 2000 with its three members, Thomas Carrere, Richard Carrere and James Carrere, each owning an equal one-third interest in the company. According to the petition, plaintiff, Asset Enterprises, L.L.C., whose sole member and owner is Thomas Carrere, entered into a contract with River Realty. This contract, entitled Development and Operations Manager Agreement (DOMA), allegedly set forth services Asset Enterprises was to perform |sin connection with a tract of immovable property owned by River Realty. The contract purportedly created a contingency based compensation agreement between Asset Enterprises and River Realty for the services Asset Enterprises performed. Plaintiffs attached a copy of the DOMA contract to their petition for damages.
 

 Plaintiffs alleged in their petition that Asset Enterprises performed services in accordance with the contract and that “value was created and added to the property and to River Realty, L.L.C.,” which was realized by River Realty through the actual receipt of monetary funds and through increase to the property value. As such, plaintiffs maintained a contingent fee was owed to Asset Enterprises under the DOMA contract.
 

 Plaintiffs asserted in their petition that Asset Enterprises forwarded an invoice to River Realty on two occasions setting forth the services it rendered and the resulting value, “both created and received,” thereby demanding payment of the contingency fee agreed upon under the DOMA con
 
 *259
 
 tract. Plaintiffs alleged defendants failed to pay the fees owed under the contract and, therefore, breached the contract. Plaintiffs attached a copy of this invoice to their petition.
 

 The petition also alleged a breach of fiduciary duties owed by Richard Carrere and James Carrere to River Realty and tortious interference with contract by Richard Carrere and James Carrere in their actions of locking plaintiff, Thomas Carrere, out of the River Realty office and refusing him entry.
 

 In response to the petition, defendants, Richard Carrere and James Carrere, filed numerous exceptions, including exceptions of no right of action, peremption and prescription,
 
 [1]
 
 and defendant, River Realty, filed an exception of no cause of |4action. A hearing was held on August 24, 2009, and the trial court granted all of the exceptions. Plaintiffs appeal only the granting of the exception of no cause of action filed by defendant, River Realty.
 

 The Louisiana Supreme Court has explained the function of the peremptory exception of no cause of action and the standard of review of the granting or denial of the exception as follows:
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court ... should subject the case to
 
 de novo
 
 review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. [Citations omitted].
 

 Fink v. Bryant,
 
 01-987, pp. 3-4 (La.11/28/01), 801 So.2d 346, 348-49.
 

 Applying the above principles of law to the instant case, we conclude the trial court erred in granting River Realty’s exception of no cause of action. At the hearing on the exception, River Realty admitted, for purposes of the exception, that a valid contract existed between Asset Enterprises and River Realty, but argued that under the terms of the contract plaintiffs had failed to state a cause of action. Specifically, River Realty maintained that, under the terms of the contract, Asset Enterprises was only entitled to a percentage of gross proceeds received by River Realty at the time River Realty actually received the proceeds. River Realty
 
 *260
 
 Largued that plaintiffs’ petition claimed they were entitled to a percentage of economic value created for River Realty, as opposed to a percentage of the gross proceeds, and never alleged River Realty had ever received any money. River Realty relied on paragraph five of the DOMA contract,
 
 [2]
 
 which was attached to plaintiffs’ petition, and a copy of Thomas Carrere’s invoice to River Realty, which was also attached to the petition as exhibit B.
 

 Defendant’s entire argument focuses on the failure of the invoice attached to the petition to indicate that defendant had “received” any money and, therefore, plaintiffs failed to state a cause of action because no money was due to plaintiffs until defendant had received the proceeds. Defendant’s argument overlooks paragraph 12 of the plaintiffs’ petition, which clearly alleged money had been received by defendant. Paragraph 12 states:
 

 As a result of the administrative services and property development rendered by Thomas A. Carrere and Asset Entei'prises L.L.C., value was created and added to the property and to River Realty, L.L.C. This value was
 
 not only realized through the actual receipt of monetary funds,
 
 but also realized through the tremendous increase to the property value. Therefore, in accordance with the Compensation Agreement, a contingent fee is owed to Asset Enterprises, L.L.C.
 

 (Emphasis Added.)
 

 We find the plaintiffs’ petition alleges facts sufficient to state a cause of action for a breach of contract. It alleges the existence of a contract, performance of services contemplated by the contract and for which money was owed under the contract, and that plaintiffs had not been paid all the money owed under the contract. The fact the invoice attached to the petition uses the heading “economic Lvalue” as opposed to “money received” is of no consequence in determining whether the petition states a cause of action. Whether plaintiffs can prove their entitlement to any money under the contract is not an issue to be determined in an exception of no cause of action, but rather is more properly resolved on summary judgment. At this juncture, we cannot say that it appears beyond doubt that plaintiffs can prove no set of facts in support of any claim which would entitle them to relief.
 

 Accordingly, after a review of this matter
 
 de novo,
 
 we find that, on the face of the petition, plaintiffs have stated a cause of action for breach of contract against River Realty. Thus, we reverse the trial court’s granting of the exception of prescription and remand the matter for further proceedings.
 

 REVERSED; PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION DENIED; CASE REMANDED.
 

 [1]
 

 . The exception of no right of action was based on the claim that plaintiff, Thomas Car-rere, has no right to bring a suit in his individual capacity for a breach of fiduciary duty against an individual member of the corporation, but rather must bring a derivative action. The exception of peremption was based on the one-year peremptive period under La. R.S. 12:1502 for bringing a breach of fiduciary claim, and the exception of prescription was based on the one-year prescriptive period under La.C.C. art. 3492 for tort claims, namely plaintiffs’ claim for tortious interference with contract, which according to the parties began to run in November 2007.
 

 [2]
 

 . Paragraph five of the DOMA contract states in pertinent part:
 

 5.
 

 COMPENSATION
 

 The following contingent fee will be paid to AE for any agreements or occurrences dated subsequent to the date of this agreement. AE will be paid 20% of any and all gross proceeds received by Owner as a result of Owner's ownership of the subject Property including any and all economic results of the various development stages of Owners Property. ("Fee”) This Fee will be earned from sales of property, leases of property, granting permits, joint venturing operations or any other revenue generating occurrences as a result of the Owner's ownership of Property. Payments to AE will be made at the time payments are received by Owner.